IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) Case No. 23-cr-00359-GKF |
| BRANDON DAVID McCARTHY, a/k/a "Brandon McPoppy," and RACHEL CHRISTINE McCARTHY | ) ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Before the Court is Defendants' motion to clarify their conditions of release. The Court finds that a condition related to Defendants' sale of unprocessed poppy seeds is the least restrictive condition available to reasonably assure the safety of others. However, based on the parties' representations and agreements at and after the hearing, the Court finds that clarification of the condition is appropriate in this case.

*Background*

On November 7, 2023, the grand jury returned a 41-count indictment against Defendants, asserting various charges that included drug conspiracy; the distribution of morphine, codeine, and thebaine—including distribution resulting in death; distribution of material used to manufacture controlled substances; maintaining a drug-involved premise; and money laundering. (ECF No. 2.) Most of the Government's allegations arose from Defendants' alleged sale of "unprocessed poppy seeds coated in opium latex" from which buyers brewed "poppy seed tea" to extract and consume the morphine, codeine, and thebaine contained in the opium latex. (*Id*.) On November 15, 2023, Defendants initially appeared on the charges and entered pleas of not guilty. (ECF Nos.

8, 13.) The Government did not move for detention, and the Court entered an *Order Setting Conditions of Release* for each Defendant. (ECF Nos. 10, 15.)

At issue is § 7(x) of those Orders, which states, "The Defendant shall not engage in the sale or receive proceeds from the sale of unprocessed poppy seeds coated in opium latex." (ECF No. 10 at 5; ECF No. 15 at 5.) Defendants' *Motion for Clarification* argues they need clarity as to the meaning of this condition to allow them to understand and adhere to the terms of their release, while continuing to maintain their business. (ECF No. 35.) However, the original proposed order submitted by Defendants simply asks that the entire condition be eliminated.

## *Analysis*

Based on the Indictment in this case (ECF No. 2), the Court finds there is probable cause to believe that Defendants have distributed morphine, codeine, and thebaine in the from of unprocessed poppy seeds coated in opium latex; that Defendants' distribution caused the death of Addie Kofford; and that Defendants distributed unprocessed poppy seeds coated in opium latex with reasonable cause to believe they would be used to manufacture a controlled substance. *Cf. United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991) (per curiam) (noting that a grand jury indictment is sufficient to show probable cause to believe a defendant committed a crime that triggers the rebuttable presumption under 18 U.S.C. § 3142(e)). Against that background and Defendants' other history and characteristics, the Court must determine the appropriate conditions of Defendants' release.

The purpose of conditions of release is to reasonably assure the appearance of the defendant and the safety of the community. *See, e.g.,* 18 U.S.C. §3142(b)-(c). Whenever a court determines that a release solely on personal recognizance or an unsecured bond

"will endanger the safety of any other person or the community, such judicial officer <u>shall</u> order the pretrial release" subject to additional conditions, but these conditions should be the "least restrictive" conditions sufficient to supply the required reasonable assurance. *Id.* § 3142(c)(1) & (c)(1)(B) (emphasis added). Such conditions may include that the defendant "satisfy any other condition that is reasonably necessary . . . to assure the safety of any other person and the community." *Id.* § 3142(c)(1)(B)(xiv). And, the release order should be written "in a manner sufficiently clear and specific to serve as a guide for the person's conduct . . . ." *Id.* § 3142(h)(1). Finally, the judicial officer may "at any time amend the order to impose additional or different conditions of release." *Id.* § 3142(c)(3).

In this case, the Court finds that the potential danger to others posed by Defendants is (1) death; and (2) drug trafficking. *See, e.g., United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (noting that a risk that a defendant will continue to engage in drug trafficking is a danger to the safety of others). Given the probable cause shown by the Indictment to believe that Defendants have caused death and engaged in drug trafficking through the sale of "unprocessed poppy seeds coated in opium latex," the Court finds that a condition restricting Defendants from continuing to engage in such behavior is the least restrictive condition that will reasonably assure the safety of others.[1]

---

[1] In their briefing, the parties spent some time arguing whether the sale of unprocessed poppy seeds did, in fact, constitute the distribution of a controlled substance. Whatever the legal outcome of that argument, the Court notes that Defendants are also charged with possessing and selling material that might otherwise be legal to sell but which "may be used to manufacture a controlled substance" and doing so "knowing, intending, or having reasonable cause to believe, that it will be used to manufacture a controlled substance." 21 U.S.C. § 843(a)(6)-(7) (referring, e.g., to flasks, tableting machines, gelatin capsules, or other material). (ECF No. 2 at 16-17 (alleging the poppy seeds were such material).) No arguments were made that these "distribution of material" charges were legally deficient, and the danger resulting from the poppy seeds that are the subject of these counts is exactly the same as the danger presented by the other counts. (*Compare* Counts 2-8 *with* Counts 11-17.) As such, the Court finds the parties' legal arguments not particularly helpful in determining the danger posed by Defendants.

However, at the hearing on December 28, 2023, the Court heard the parties' arguments regarding how this language might be clarified. At that hearing, the parties reached an agreement, in principle, on appropriate clarifying language for the conditions of the release. The parties were then ordered to submit the exact proposed language to the Court. On January 18, 2024, the Court received the proposed language from counsel for Rachel McCarthy, who represents that it is a joint submission of all parties.

Based on the information presented at the hearing, and with the agreement of the parties,

IT IS THEREFORE ORDERED that the Second Motion for Clarification of Conditions of Release (ECF No. 35) is GRANTED IN PART. Section 7(x) of the *Order Setting Conditions of Release* for Brandon David McCarthy (ECF No. 10) and the *Order Setting Conditions of Release* for Rachel Christine McCarthy (ECF No. 15) is revised to read as follows:

> OTHER: The defendant shall not engage in the sale or receive proceeds from the sale of unprocessed poppy seeds coated in opium latex. The defendant agrees to comply with the following self-developed procedure to ensure the seeds have been processed:
>
> i. the defendant shall purchase the seeds from a retailer that has pre-processed the seeds; and
>
> ii. to the greatest extent possible, the defendant shall remove non-seed, plant material with a sifter and/or a blower.

ORDERED this 18th day of January, 2024.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT